UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVIS WILSON,<br>*Plaintiff*,<br><br>v.<br><br>LONG RIDGE POST ACUTE CARE &<br>MARION NAJAMY,<br>*Defendants*. | No. 3:22-cv-194 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Travis Wilson ("Plaintiff") has sued Long Ridge Post Acute Care ("Long Ridge")[1] and its employee, Marion Najamy (collectively, "Defendants"), asserting employment discrimination claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA"). Compl., ECF No. 1. Mr. Wilson, who is Black and was twenty-seven years old at the time, alleges that the basis for his December 6, 2019 termination was his race, color, age, sex, and national origin. *See id.* at 2–3.

Defendants have filed a motion to dismiss, arguing that (1) Mr. Wilson has failed to properly serve Defendants; (2) the Court lacks personal jurisdiction over Defendants due to Mr. Wilson's failure to properly effectuate service; (3) the Complaint is untimely; (4) the Complaint fails to state a claim on the merits; (5) Mr. Wilson has failed to exhaust administrative remedies with respect to his national origin and sex discrimination claims; and (6) Mr. Wilson is too young to assert a claim under the ADEA. Def.'s Mot. to Dismiss at 1, ECF No. 22 ("Mot. to Dismiss").

---

[1] Defendants state in their motion to dismiss that that "Long Ridge Post Acute Care" is a fictitious business name and that this entity's legal name is Senior Philanthropy of Stamford, LLC d/b/a Long Ridge Post-Acute Care. Defendants refer to this entity as "Long Ridge," and the Court will as well.

Mr. Wilson has not filed a response to Defendants' motion.

For the following reasons, the motion to dismiss is **GRANTED**.

Mr. Wilson's ADEA claim is dismissed with prejudice.

Mr. Wilson's Title VII claims are dismissed without prejudice.

To the extent the deficiencies identified in this ruling can be addressed, Mr. Wilson may file an Amended Complaint by **March 17, 2023**.

If Mr. Wilson fails to file an Amended Complaint by **March 17, 2023**, or seek appropriate leave to extend the time for its filing, the Court will dismiss this case with prejudice.

Mr. Wilson's motion to participate in electronic filing is **GRANTED**. Any Amended Complaint may be filed through the Electronic Case Filing System.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations[2]

Mr. Wilson alleges that he was employed by Long Ridge as a maintenance assistant for over five years. Compl. at 25. His claims in this case arise primarily out of an alleged confrontation with administrator Marion Najamy on December 6, 2019. *See id.* at 16.

The conflict allegedly arose when Mr. Wilson allegedly asked Ms. Najamy to sign off on his vacation request form. *See id.* Ms. Najamy, who is white, allegedly refused to sign the form and told Mr. Wilson to ask his direct supervisor, Evan Hazelton. *Id.* Mr. Wilson alleges that he had asked Ms. Najamy because Mr. Hazelton does not get along with him and that Ms. Najamy knew this. *Id.* at 25.

---

[2] The factual allegations are drawn primarily from the complaint Mr. Wilson filed with the Connecticut Commission on Human Rights and Opportunities and the Commission's Finding of No Reasonable Cause, both of which are attached to Mr. Wilson's Complaint in this case. *See* Compl. at 25–26, 15–19. The Court may look to these documents when considering Defendants' motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[O]n a motion to dismiss, a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference." (internal quotation marks omitted)).

2

According to Mr. Wilson, Mr. Hazelton also refused to sign the vacation request form, at which point Mr. Wilson returned to Ms. Najamy. *Id.* This time, Ms. Najamy allegedly did sign Mr. Wilson's form, but she then allegedly became confrontational and refused to give it back to him. *See id.* Ms. Najamy, without returning the form, allegedly told Mr. Wilson to move some boxes for her. *Id.* She allegedly told Mr. Wilson that these boxes were for housekeeping, but Mr. Wilson alleges that they were actually Ms. Najamy's personal packages. *Id.* Eventually, Ms. Najamy allegedly threw the vacation form at Mr. Wilson and told him to "take it to a higher level." *Id.*

Mr. Wilson alleges that, after he left Ms. Najamy's to turn in his vacation form, a member of the human resources department told him to hand over his keys and that the police were on the way. *Id.* According to the Complaint, Ms. Najamy had called the police, alleging that Mr. Wilson pushed her out of the way when retrieving his vacation form from the floor of her office. *See id.* at 17. After a brief investigation, police officers allegedly concluded that "nothing transpired" and that Mr. Wilson had not assaulted Ms. Najamy. *See id.* at 26.

Mr. Wilson believes that Ms. Najamy harbored a grudge against him because he had made multiple complaints to Long Ridge's employee hotline about what he felt was unfair treatment he faced from Ms. Najamy over the years he was employed by Long Ridge. *Id.* at 18, 26.

### B.  Procedural History

On February 2, 2022, Mr. Wilson filed his *pro se* Complaint, along with a motion for leave to proceed *in forma pauperis*. Compl.; Mot. for Leave to Proceed in Forma Pauperis, ECF No. 2.

On April 4, 2022, the Court granted Mr. Wilson's motion for leave to proceed *in forma pauperis*. Order, ECF No. 8.

On April 4, 2022, the Clerk of Court mailed to Mr. Wilson instructions for directing the U.S. Marshal's Service to effect service on Defendants. ECF No. 10.

On May 6, 2022, the completed forms were forwarded to the Marshal's Service. ECF No. 11.

On May 6, 2022, Mr. Wilson filed a motion by a self-represented litigant to participate in electronic filing, which is pending before the Court. Mot. to Participate in Electronic Filing, ECF No. 12.

On May 11, 2022, the Marshal's Service returned a Process Receipt showing that a summons was sent to Ms. Najamy by "certified/registered mail" at an address on Long Ridge Road in Stamford, Connecticut. Najamy Process Receipt, ECF No. 14. The receipt does not indicate who received the document at that address.

On May 13, 2022, the Marshal's Service returned another Process Receipt showing that a summons was sent by "certified/registered mail" to Senior Philanthropy of Stamford at an address on Gulf to Bay Boulevard in Clearwater, Florida. Long Ridge Process Receipt, ECF No. 15. The FedEx delivery notification shows that the package was received by "P. Perez." *Id.* at 2.

On June 23, 2022, Mr. Wilson filed a motion to appoint counsel. Mot. to Appoint Counsel, ECF No. 20. The Court denied Mr. Wilson's motion on June 24, 2022. Order, ECF No. 21.

On July 5, 2022, Defendants filed a motion to dismiss Mr. Wilson's Complaint. Mot. to Dismiss; Defs.' Mem. of Law in Supp. of their Mot. to Dismiss, ECF No. 22-1 ("Mem.").

On July 11, 2022, the parties submitted a Rule 26(f) report, and the Court issued a scheduling order the next day. Report of Rule 26(f) Planning Meeting, ECF No. 23; Scheduling Order, ECF No. 24.

On July 26, 2022, the Court *sua sponte* granted Mr. Wilson leave to file an amended Complaint until August 26, 2022, after dismissing a separate action brought by Mr. Wilson involving similar parties, claims, and factual allegations. Order, ECF No. 25.

Mr. Wilson has not filed an amended complaint or responded to Defendants' motion to dismiss. The Court will therefore consider the motion to dismiss based on Defendants' filing and Mr. Wilson's Complaint. *See* D. Conn. L. Civ. R. 7(a)2 ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.").

## II.    STANDARD OF REVIEW[3]

### A.  Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). Where, as here, the parties have not engaged in discovery on the jurisdictional question, the plaintiff need only make a *prima facie* showing that jurisdiction exists. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012); *Bank Brussels Lambert v.*

---

[3] Defendants argue that Mr. Wilson's sex- and national origin-based Title VII claims should be dismissed under Rule 12(b)(1) because his purported failure to exhaust his administrative remedies deprives the Court of subject matter jurisdiction over these claims. *See* Mem. at 14. But while exhaustion of administrative remedies is "a precondition to bringing a Title VII claim in federal court," it is not "a jurisdictional requirement." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 385 (2d Cir. 2015) (internal quotation marks omitted). Thus, Defendants' exhaustion argument is properly considered under Rule 12(b)(6) instead. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) ("In most circumstances, it makes little practical difference whether the district court correctly labels its dismissal of an action as one for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6).").

*Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) ("Where a court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." (alteration in original) (internal quotation marks omitted)).

"This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Licci*, 673 F.3d at 59 (internal quotation marks omitted); *see also Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.*, No. 3:09-cv-956 (WWE), 2010 WL 11527383, at *2 (D. Conn. May 4, 2010) ("At this stage of the proceedings, if the court relies upon pleadings and affidavits, the plaintiff must make out only a prima facie showing of personal jurisdiction, and the affidavits and pleadings should be construed most favorably to the plaintiff." (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986))), *aff'd*, 438 F. App'x 27 (2d Cir. 2011) (summary order), *as amended* (Sept. 23, 2011).

In evaluating a motion to dismiss under Rule 12(b)(2), a court considers the facts as they existed when the plaintiff filed the complaint. *See Glenwood Sys.*, 2010 WL 11527383, at *2 (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991)).

### B. Rule 12(b)(5)

A Complaint may be dismissed for insufficient service of process "if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). "Objections to sufficiency of process must be specific and point out the manner in which plaintiff has failed to satisfy requirements of the service provision

utilized. *Three Crown Ltd. P'ship v. Caxton Corp.*, 817 F. Supp. 1033, 1049–50 (S.D.N.Y. 1993).

"Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

### C. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views

the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

**III.   DISCUSSION**

In their motion, Defendants argue that (1) Mr. Wilson has failed to properly serve Defendants; (2) the Court lacks personal jurisdiction over Defendants due to Mr. Wilson's failure to properly effectuate service; (3) the Complaint is untimely; (4) the Complaint fails to state a claim on the merits; (5) Mr. Wilson has failed to exhaust administrative remedies with respect to his national origin and sex discrimination claims; and (6) Mr. Wilson is too young to assert a claim under the ADEA. Mot. to Dismiss.

The Court will address the service of process, personal jurisdiction, and timeliness issues. Because the Court concludes that Mr. Wilson's Complaint was untimely, it need not reach Defendants' remaining arguments.

### A. Service of Process & Personal Jurisdiction

#### 1. Mr. Wilson's Attempts at Service

After obtaining permission to proceed *in forma pauperis*, Mr. Wilson requested that the U.S. Marshal's Service effect service by submitting a U.S.M. Form 285 for both Defendants. On the first Form 285, he listed an address for Ms. Najamy on Long Ridge Road in Stamford. This address, according to the Complaint, is the site of Mr. Wilson's former workplace. *See* Compl. at 25. The Marshal's Service sent the summons to Ms. Najamy at this address by "certified/registered mail." Najamy Process Receipt at 1. According to the FedEx delivery notification attached to the process receipt, no signature was required for this delivery, and the process receipt does not show whether Ms. Najamy actually received the summons. *See id.* at 2.

On the second Form 285, Mr. Wilson listed the Defendant's name as Long Ridge Post Acute Care and provided the same Long Ridge Road address used for Ms. Najamy. *See* Long Ridge Process Receipt. In the section for alternate addresses, Mr. Wilson also listed "Senior Philanthropy of Stamford, LLC" with an address on Gulf to Bay Boulevard in Clearwater, Florida. *Id.* The Marshal's Service evidently attempted to effect service at this latter address—again by "certified/registered mail"—because the attached FedEx delivery notification shows that the summons was shipped and delivered to Senior Philanthropy of Stamford at the Gulf to Bay Boulevard address. *See id.* at 2–3. The delivery notification also shows that the package was received by "P. Perez." *Id.* at 2.

#### 2. The Sufficiency of Service

Defendants argue that Mr. Wilson failed to properly serve both Long Ridge and Ms. Najamy under Federal Rule of Civil Procedure 4.

9

With respect to Long Ridge, Defendants note that a corporate entity must be served either by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following the procedure prescribed by state law. Mem. at 5–6 (citing Fed. R. Civ. P. 4(h)). Connecticut law, in turn, requires that service be made "either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business." *Id.* at 6 (quoting Conn. Gen. Stat. § 52-57(c)). Defendants argue that Mr. Wilson has not demonstrated that the individual who received the Marshals' delivery, "P. Perez," was one of the officers or agents designated to receive service under either federal or state law. *See* Mem. at 7–8. Defendants also assert that Mr. Wilson's service was improper because he mailed the summons to a fictious business name at an incorrect address. *Id.* at 7.[4]

As to Ms. Najamy, Defendants note that an individual can be served under Federal Rule of Civil Procedure 4(e) by delivering a copy of the summons and complaint to her personally, by leaving them with a proper individual at her usual place of abode, or by delivering them to an agent authorized to receive service of process. *Id.* at 9. Proper service under Connecticut law, which also satisfies Rule 4(e), requires leaving a copy of the summons and complaint either with the defendant or at her "usual place of abode." *Id.* at 8 (quoting Conn. Gen. Stat. § 52-57(a)). Defendants argue that Mr. Wilson's attempted service was improper under both federal and state

---

[4] As discussed below, Defendants appear to misinterpret the process receipt submitted by the Marshal's Service, which indicates that the summons was mailed to "Senior Philanthropy of Stamford" at the mailing address listed for this corporation on the State of Connecticut's website. *See* Long Ridge Process Receipt at 2–3.

10

law because the summons was delivered to Ms. Najamy's workplace rather than her residence and the process receipt provides no indication that it was delivered to her personally. *See id.* at 9.

Defendants conclude that, because neither Long Ridge nor Ms. Najamy was properly served within 90 days after the Complaint was filed, the Court should dismiss the Complaint under Federal Rule of Civil Procedure 4(m). *See id.* at 10. Furthermore, they argue, the Court cannot exercise personal jurisdiction over Defendants because they have not been properly served. *See id.* at 11 (citing *Nature's First Inc. v. Nature's First L., Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006)).

The Court disagrees.

Defendants are correct that neither Long Ridge nor Ms. Najamy were served in compliance with Rule 4. Defendants have not, however, demonstrated that this failure requires the dismissal of Mr. Wilson's Complaint.

When a plaintiff fails to serve a defendant "within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

When a court grants leave to proceed *in forma pauperis*, it "shift[s] the responsibility for serving the complaint from [the plaintiff] to the court." *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). Thus, a *pro se* plaintiff may avoid dismissal under Rule 4(m) if he "indicated to the court his reliance on service by the Marshals and he timely requested that the Marshals effect personal service." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). "As long as the pro se [plaintiff] provides the information necessary to identify the defendant, the Marshals' failure to

11

effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order).[5]

Here, Mr. Wilson timely submitted a Form 285 for each Defendant. He also provided the Marshal's Service with sufficient information to serve both Defendants. Even though he did not provide the address of Ms. Najamy's residence, she could have been served personally at her place of business. *See Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1243 (N.D. Cal. 2008) (denying a motion to dismiss under Rule 12(b)(5) when the Marshal's Service had failed to personally serve the defendant even though the *pro se* plaintiff had "provided defendant's location, at the requested service of the complaint"). He also provided both Long Ridge's principal place of business and the mailing address listed on the State of Connecticut's website. *See* Senior Philanthropy of Stamford, LLC, Ct.gov Business, https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=qGzsPqAM%2B4kBYBHYAnDnDNtr6SrVg3Bt84yfsNNn5sLwWnvr2dVwRqiMBpatuglM (last visited Feb. 17, 2023).[6] Defendants emphasize that Mr. Wilson provided only the "fictitious" business name, "Long Ridge Post Acute Care." But in fact, Mr. Wilson also listed on Form 285 the correct name, "Senior Philanthropy of Stamford, LLC." Moreover, this was the name the Marshal's Service used when it shipped the summons to the Gulf to Bay Boulevard address. *See* Long Ridge Process Receipt at 2–3.

---

[5] Although the *pro se* plaintiffs in *Romandette* and *Murray* were also incarcerated, the Second Circuit has applied the rule set forth in *Romandette* to other *pro se* plaintiffs as well. *See Jaiyeola v. Carrier Corp.*, 73 F. App'x 492, 493–94 (2d Cir. 2003) (summary order). In *Jaiyeola*, the Second Circuit vacated a dismissal for failure of proper service and criticized the district court for attempting to distinguish *Romandette* on the grounds that the *Jaiyeola* plaintiff "[was] not incarcerated, but [was] rather a professional with a Ph.D. [and] the resources, education, and time to make sure that defendant Carrier was properly served." *Id.*

[6] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

Unlike the plaintiff in *Romandette*, Mr. Wilson did not specifically request personal service, leaving that field blank on Form 285. *See* Najamy Process Receipt at 1; Long Ridge Process Receipt at 1. Nonetheless, in light of the liberal construction that must be given to Rule 4, the Court concludes that Mr. Wilson, as a "*pro se* litigant proceeding *in forma pauperis*, . . . was entitled to rely on service by the U.S. Marshals." *Romandette*, 807 F.2d at 311.

"Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Id.* (internal quotation marks omitted). "Deficiencies in the method of service are harmless error under Fed. R. Civ. P. 61 when the party asserting deficient service has actual knowledge of the action and no prejudice results from the deficiency." *St. John Rennalls v. County of Westchester*, 159 F.R.D. 418, 420 (S.D.N.Y. 1994).

Defendants do not assert that they lacked actual notice of the Complaint. The summons and Complaint were delivered to Ms. Najamy's place of work and to the address listed by Long Ridge on the State of Connecticut's website on May 10 and May 12, respectively. Attorney Mastrony filed a notice of appearance on behalf of both Defendants about two weeks later on May 27, 2022. "[F]rom that point forward," Defendants were "in every sense, on actual notice of the lawsuit." *Anderson v. Lalley*, No. 12-cv-6355 (FPG), 2015 WL 6686586, at *4 (W.D.N.Y. Oct. 29, 2015); *see also Sidney v. Wilson*, 228 F.R.D. 517, 524 (S.D.N.Y. 2005) (finding that, on a Rule 12(b)(5) motion to dismiss, the defendant's act of retaining counsel demonstrated actual notice of the lawsuit). Furthermore, both Long Ridge and Ms. Najamy have "effectively been on notice" of the claims at issue in this case at least since June 2020 because they participated in the CHRO's investigation, where Long Ridge was also represented by Attorney Mastrony. *See Anderson*, 2015 WL 6686586, at *4 (finding that the defendant was effectively on notice of the

lawsuit since "Plaintiff originally tried to file the Complaint as an amended complaint in the preceding action"); Compl. at 15 (CHRO finding filed June 15, 2020).

Defendants do not assert that they suffered any prejudice either. After receiving an extension of time from the Court, ECF No. 19, Defendants filed a timely motion to dismiss that addressed Mr. Wilson's claims on the merits. *See Anderson*, 2015 WL 6686586, at *4 ("Judging from Attorney Kirby's persuasive arguments in Collins's Motion to Dismiss as to why Plaintiff fails to state a claim, Kirby has clearly had time to review and respond to the Complaint. Thus, no apparent prejudice results from the deficient service and so the deficient service is harmless error."). Thus, the Court finds that, despite Mr. Wilson's deficient service, Defendants had actual knowledge of the action and suffered no prejudice as a result of the deficiency.

Because Defendants' "only basis to assert lack of personal jurisdiction is insufficient service," the Court's conclusion that the defective service was harmless "is also a determination that personal jurisdiction over the defendant exists." *St. John Rennalls*, 159 F.R.D. at 420.

Accordingly, in the interests of justice, the Court will deny Defendants' motion to dismiss the Complaint under Rule 12(b)(2) and Rule 12(b)(5).

### B. The Timeliness of the Complaint

Under both Title VII and the ADEA, "a plaintiff can sue in federal court only after filing timely charges with the EEOC." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA); and *Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 562–63 (2d Cir. 2006)). "In the event that the EEOC determines there is 'n[o] reasonable cause to believe that the charge is true,' the Commission is to dismiss the charge and notify the complainant of his or her right to sue in court." *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1847 (2019) (alteration in original) (quoting 42 U.S.C. §

2000e-5(b)). "Whether or not the EEOC acts on the charge, a complainant is entitled to a 'right-to-sue' notice 180 days after the charge is filed." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1); and 29 C.F.R. § 1601.28). The complainant may then commence a civil action in federal court within ninety days of his receipt of this notice. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996); 42 U.S.C. § 2000e-5(f)(1) (ninety days "after the giving of such notice" to bring Title VII claim); 29 U.S.C. § 626(e) (ninety days "after the date of the receipt of such notice" to bring ADEA claim).

Defendants argue that Mr. Wilson's Complaint was untimely because it was filed more than ninety days after he received his right-to-sue notice. *See* Mem. at 13.

The Court agrees.

When evaluating the timeliness of a Title VII complaint, the Court applies two presumptions: (1) "that a notice provided by a government agency was mailed on the date shown on the notice"; and (2) "that a mailed document is received three days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). These presumptions are "not dispositive, however, '[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach [the claimant] by mail.'" *Id.* (first alteration in original) (quoting *Sherlock*, 84 F.3d at 526).

Here, the right-to-sue notice attached to the Complaint was issued on October 29, 2021. Compl. at 7. Absent allegations to the contrary, the Court presumes that the notice was mailed the same day and received by Mr. Wilson three days later, on November 1, 2021. In fact, Mr. Wilson alleges on the Complaint form that he received his right-to-sue notice "on or about" October 29, 2021. *Id.* at 9. Viewing this allegation in the light most favorable to Mr. Wilson, it is

15

merely an estimate of the date he received his notice. Thus, the Court will compute the period for filing the Complaint from November 1, 2021.

The ninety-day filing period ended on January 30, 2022, and Mr. Wilson did not file his Complaint until February 2, 2022. The Complaint was therefore untimely, even if the filing period is extended from January 30, 2022, which was a Sunday, to Monday, January 31. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); *Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142 (2d Cir. 1980) (holding that Rule 6(a) applies to Title VII's ninety-day filing period).

Mr. Wilson may come forward with allegations to explain this delay and rebut the three-day delivery presumption. *See Sherlock*, 84 F.3d at 526 ("If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive."). But without any such allegations, the Court concludes that Mr. Wilson's Complaint was untimely. *See Hampton v. Jud. Branch*, No. 3:18-cv-1445 (VAB), 2019 WL 3337877, at *7 (D. Conn. July 24, 2019) (dismissing a complaint without prejudice when the plaintiff failed to allege that she filed her Complaint within 90 days of receiving a right-to-sue notice).

Accordingly, the Court will grant Defendants' motion and dismiss Mr. Wilson's Complaint.

### C. Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend a pleading once as a matter of course within the earlier of (A) 21 days of serving it; or (B) if a responsive pleading is

required, 21 days after service of either a responsive pleading or a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court has broad discretion in deciding whether to grant leave to amend. *See Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

"[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

As noted above, Mr. Wilson's failure to plead the timeliness of his Complaint may be cured. But even if Mr. Wilson's Title VII claims were timely, the Court would conclude that the Complaint, including the attached CHRO documents, does not plausibly allege that Mr. Wilson's termination was motivated by discriminatory reasons. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("At the pleadings stage, then, a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.").

Accordingly, the Court will dismiss Mr. Wilson's Title VII claims without prejudice, and any Amended Complaint must address this deficiency in addition to the timeliness of the Complaint.

Amendment would be futile, however, with respect to Mr. Wilson's ADEA claim. "By its terms, the ADEA applies only to those individuals who are 'at least 40 years of age.'" *See Spain*

*v. Ball*, 928 F.2d 61, 62–63 (2d Cir. 1991) (quoting 29 U.S.C. § 633a(a)). Because Mr. Wilson was twenty-seven years old at the time of his termination, Compl. at 5, he cannot state a claim under the ADEA. *See Spain*, 928 F.2d at 63 ("Because Spain was only 35 when the alleged discrimination occurred, his claim under the ADEA must fail.").

Accordingly, Mr. Wilson's ADEA claim will be dismissed with prejudice.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

Mr. Wilson's ADEA claim is dismissed with prejudice.

Mr. Wilson's Title VII claims are dismissed without prejudice.

To the extent the deficiencies identified in this ruling can be addressed, Mr. Wilson may file an Amended Complaint by **March 17, 2023**.

If Mr. Wilson fails to file an Amended Complaint by **March 17, 2023**, or seek appropriate leave to extend the time for its filing, the Court will dismiss this case with prejudice.

Mr. Wilson's motion to participate in electronic filing is **GRANTED**. Any Amended Complaint may be filed through the Electronic Case Filing System.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of February, 2023.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE